

# Fourth Court of Appeals
## San Antonio, Texas

October 24, 2017

No. 04-17-00302-CR

Robert Len **WHITE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10291
Honorable Melisa Skinner, Judge Presiding

# O R D E R

After the reporter's record was filed in this case, Appellant moved this court to remand this cause to the trial court for it to decide how to correct the reporter's record. *See* TEX. R. APP. P. 34.6(e)(2).

Appellant alleges that for State's Exhibit No. 3—a video recording that the State asserts shows Appellant waiving his *Miranda* rights and confessing to aggravated sexual assault of the child complainant—crucial portions are inaudible. *See id.* R. 34.6(f)(2) (addressing circumstances where "a significant portion of the [proceedings'] recording has been lost or destroyed or is inaudible"). The recording was introduced and admitted at a pretrial hearing on Appellant's motion to suppress evidence. Appellant asks this court to "submit the dispute to the trial court for resolution." *See id.* R. 34.6(e)(3) ("Correction After Filing in Appellate Court").

The State responds that "Rule 34.6(f) is inapplicable because no portion of the reporter's record has been lost or destroyed in this case." The State asserts that "the exhibit filed with the reporter's record is the same exhibit admitted and relied upon by the trial court in this case." The State asks this court to deny Appellant's motion to supplement the appellate record with a transcript of the exhibit "[b]ecause the transcript was not provided to the trial court nor introduced at the hearing."

We agree with the State. "Appellant's claim that certain portions of the audio of [A]ppellant's recorded statement to the police are inaudible does not mean that these portions of the court reporter's record are 'lost or destroyed' for purposes of Rule 34.6(f)." *Lucio v. State*, 351 S.W.3d 878, 892 (Tex. Crim. App. 2011). The court reporter certified that the recorded statement filed as part of the appellate record in this appeal is a "true and complete duplicate[] of the original exhibit[] . . . offered into evidence during the pretrial" hearing. Despite any allegedly inaudible portions of the recording, the appellate record as presently constituted contains the recording that the trial court admitted and considered.

Appellant's motion to supplement the record or to direct the trial court to resolve this dispute is DENIED. *See* TEX. R. APP. P. 34.6(f); *Lucio*, 351 S.W.3d at 892.

_____
Patricia O. Alvarez, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of October, 2017.

_____
Keith E. Hottle
Clerk of Court